UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY FRANKLIN (#561946)**   **CIVIL ACTION NO.**

**VERSUS**   **20-829-JWD-EWD**

**ELAYN HUNT CORRECTIONAL**
**CENTER CLASSIFICATION DEPT.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 30, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY FRANKLIN (#561946)**  CIVIL ACTION NO.

**VERSUS**  20-829-JWD-EWD

**ELAYN HUNT CORRECTIONAL
CENTER CLASSIFICATION DEPT.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Terry Franklin ("Franklin"), who is representing himself and is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Franklin's claims in this case be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

### I.  Background

Franklin filed this suit against the Elayn Hunt Correctional Center Classification Department ("EHCCCD") pursuant to 42 U.S.C. § 1983 because EHCCCD "did not remove [Franklin] from the long sentence I've been serving."[1] Franklin also complains that "America is cruel and unusual," apparently because he is having difficulty obtaining post-conviction relief.[2] Franklin requests injunctive relief, including release from prison and to "move state capital to Shreveport, LA," and monetary relief.[3]

---

[1] R. Doc. 1, p. 13.
[2] *Id.*
[3] R. Doc. 1, p. 14.

## II.   Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to give the court the ability to separate claims that may have merit from those that clearly lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] While the screening

---

[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on December 14, 2020, so both statutes apply. R. Doc. 4.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] Rather, a claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11]  A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B.  Franklin has Not Stated a Claim for Denial of Access to the Courts

It appears Franklin is alleging that he needs $5.00 to file an action for habeas corpus.[13] Reading the Complaint very liberally,[14] Franklin may be arguing that, because he does not have the $5.00 filing fee for habeas application, he is being denied access to courts. Inmates have a fundamental constitutional right of access to the courts.[15]  The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[16]  Lack of the filing fee for a habeas corpus application cannot state an access to the courts claim because Franklin has the ability to request to proceed as a pauper in a habeas action, just as he is proceeding in this action.[17]  Because lack of funds to pay the filing fee does not affect Franklin's ability to bring a habeas action at all, this claim is subject to dismissal as legally frivolous.

---

[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Denton,* 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] R. Doc. 1, p. 13 ("All I need is habeas corpus and $5 for their cases to be finalized as court fees and I can leave prison and America.")
[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* complaints are to be liberally construed).
[15] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).
[16] *Lewis,* 518 U.S. at 356.
[17] 28 U.S.C. § 1915.

3

### C. Franklin's Claims for Monetary Relief are Barred by *Heck v. Humphrey*

To the extent Franklin asks for monetary relief related to his ongoing incarceration, those claims are barred by *Heck v. Humphrey*.[18] In *Heck*, the United States Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[19] Franklin is challenging the length of his sentence,[20] and asks for certain monetary relief;[21] however, as alleged, the facts do not indicate that Franklin's conviction has been reversed, expunged, declared invalid, or called into question by any court. Rather he seems to be contemplating bringing a habeas corpus action to challenge his sentence.[22] Accordingly, claims for monetary relief related to Franklin's continued imprisonment are barred by *Heck*.

### D. Franklin's Other Claims for Relief are Also Improper

Franklin also requests that this Court "move state capital to Shreveport, LA," and asks to be released from prison. The request regarding moving the capital of Louisiana is wholly frivolous and requires no further discussion.[23] Regarding Plaintiff's request for release from incarceration, an action under § 1983 is not the proper method to bring that claim. Since Plaintiff seeks release from custody the proper procedure is an application for habeas corpus.[24] As the Supreme Court recognized in *Preiser*, "release from penal custody is not an available remedy under the Civil

---

[18] 512 U.S. 477 (1994).
[19] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[20] R. Doc. 1, p. 13 ("Elayn Hunt's [sic] did not remove me from this long sentence I've been serving ….").
[21] R. Doc. 1, p. 14 ("[H]ave this suit pay for all other cases in any other court … And any immigration fees from processing passports and ID's ….").
[22] R. Doc. 1, p. 13 ("[I] have to get to East Baton Rouge Parish for my habeas corpus relief …."
[23] *See Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (further entertaining this claim is improper because to do so would indicate the claim had colorable merit).
[24] *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973).

Rights Act."[25]  "Use of the Civil Rights Statutes to secure release of persons imprisoned by State Courts would thus have the effect of repealing 28 U.S.C. 2254; of course, such was not the intent of Congress."[26]  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*."[27]  Accordingly, Franklin's request for release from imprisonment is not cognizable in this action and is subject to dismissal as legally frivolous.

### E.  Leave to Amend Should Be Denied

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[28]  "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[29]  Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[30]  Here, any amendment would be futile, as any claim based on the facts alleged is legally frivolous, for the reasons explained above. Because any claims based on the facts alleged would fail to state a nonfrivolous § 1983 claim, the Court should decline to give Franklin an opportunity to amend his Complaint before dismissal.

---

[25] *Id.* (internal quotations and citations omitted).
[26] *Id.* (internal quotations and citations omitted).
[27] *Id.* at 500.  This Report and Recommendation does not suggest that Franklin will be able to successfully pursue a writ of habeas corpus, only that, to the extent he seeks release from prison, a § 1983 action is not the proper proceeding to obtain such relief.
[28] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[29] *Id.*
[30] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff Terry Franklin's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915 and 1915A and that this case be **CLOSED**.[31]

**IT IS FURTHER RECOMMENDED** that any further leave to amend be denied, if sought.

Signed in Baton Rouge, Louisiana, on December 30, 2021.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] Terry Franklin is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the dismissal will count as a strike.